# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, <br><br> Petitioner, <br><br> v. <br><br> LUIS MARTINEZ,[1] <br><br> Respondent. | Case No. 1:23-cv-01013-NODJ-EPG-HC <br><br> FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS <br><br> (ECF No. 20) <br><br> ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner Terrence Brownlee is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 1980 Fresno County Superior Court convictions and sentence. As Petitioner has sought federal habeas relief with respect to the challenged convictions numerous times previously, the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

## I.

## BACKGROUND

In 1980, Petitioner pleaded guilty to second-degree murder and robbery and admitted enhancements that he personally used a firearm in the commission of the offenses. Petitioner was

---

[1] Luis Martinez is the current warden of the Correctional Training Facility, where Petitioner is housed. (ECF No. 20 at 1 n.1.) Accordingly, Luis Martinez is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

sentenced to an imprisonment term of seventeen years to life. (LDs[2] 1, 2.) Thereafter, Petitioner "filed approximately over one hundred state post-conviction collateral actions." (ECF No. 20 at 2.)[3]

On March 24, 2023, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1.) On July 5, 2023, the Northern District granted Respondent's motion to transfer the petition to this Court. (ECF No. 10.) On September 14, 2023, Respondent moved to dismiss the petition as an unauthorized successive petition in addition to being untimely. (ECF No. 20.) Petitioner filed an opposition and declaration in support of his opposition. (ECF Nos. 22, 23.) Respondent filed a rely. (ECF No. 24.)

## II.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner

---

[2] "LD" refers to the documents lodged by Respondent. (ECF No. 21.)
[3] Page numbers refer to ECF page numbers stamped at the top of the page.

leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his 1980 Fresno County Superior Court convictions and sentence. (ECF No. 1 at 1, 3.) As noted in the motion to dismiss, Petitioner previously sought federal habeas relief in this Court with respect to the same convictions and sentence numerous times. See, e.g., Brownlee v. Pliler, No. 1:01-cv-06120-OWW-SMS (dismissed as untimely); Brownlee v. Kane, No. 1:05-cv-00949-OWW-SMS (dismissed as unauthorized successive petition); Brownlee v. Kramer, No. 1:06-cv-00320-OWW-SMS (same); Brown Lee v. Felker, No. 1:09-00765-OWW-SMS (same); Brownlee v. Rommoro, No. 1:14-cv-01990-LJO-SAB (same); Brownlee v. Rackley, No. 1:15-cv-01610-DAD-JLT (same); Brownlee v. Nackley, No. 1:16-cv-00125-LJO-MJS (same); Brownlee v. Rackley, No. 1:16-cv-00244-LJO-SAB (same); Brownlee v. Spearman, No. 1:16-cv-00284-DAD-MJS (same); Brownlee v. People, No. 1:23-cv-00432-JLT-CDB (same).[4]

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). As Petitioner has already filed numerous petitions for writ of habeas corpus regarding his 1980 convictions and sentence, he cannot file another petition in this Court regarding the same conviction without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

///

///

---

[4] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 20) be GRANTED and the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition.

Further, the Court DIRECTS the Clerk of Court to SUBSTITUTE Luis Martinez as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 4, 2023**           /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE