UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>    Petitioner,<br><br>v.<br><br>LUIS MARTINEZ,<br><br>    Respondent. | No. 1:23-cv-01013-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 20, 26) |

Petitioner Terrence Brownlee is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2023,[1] the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and the petition be dismissed as an unauthorized successive petition. Doc. 26. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* On December 15, 2023, petitioner filed timely objections. Doc. 27.

///

---

[1] The findings and recommendations were signed on December 4, 2023, but not docketed until December 5, 2023.

1

In the objections, "Petitioner contends this petition has nothing to due [*sic*] with a second or successive petition, Petitioner went to the Board in [*sic*] Feb 4, 2021, and the claims in his petition are new." Doc. 27 at 1–2. However, the petition does not mention the parole board proceeding at all. Rather, petitioner argued that his "plea bargain criminal record and transcripts [were] material and its nondisclosure required a new trial," Doc. 1-1 at 1, which challenges the validity of petitioner's underlying criminal conviction rather than any parole board proceeding.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on December 5, 2023, Doc. 26, are adopted in full;
2. Respondent's motion to dismiss, Doc. 20, is granted;
3. The petition for writ of habeas corpus is dismissed;
4. The Clerk of Court is directed to close the case; and

    5.   The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

   Dated:   September 30, 2024

_____
UNITED STATES DISTRICT JUDGE

3